# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| GREGORY GILLILAN, | : | |
| Plaintiff | : | |
| vs. | : | |
| Prison Guard DAVIS, | : | NO. 5:11-CV-208 (MTT) |
| Defendant | : | **O R D E R** |

Plaintiff **GREGORY GILLILAN**, presently an inmate at Rogers State Prison in Reidsville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Parties instituting non-habeas civil actions are required to pay a filing fee of $350.00. 28 U.S.C. § 1914(a). Because plaintiff has failed to pay the required filing fee, the Court assumes that he wishes to proceed *in forma pauperis* in this action.

Plaintiff sues Rogers State Prison guard Davis. According to plaintiff, Davis fails to provide plaintiff with his pills and such failure will result in plaintiff having seizures.

Section 1915(g) of the Title 28, the "three strikes rule" of the Prison Litigation Reform Act, provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A review of court records reveals that plaintiff has filed more than 150 civil

actions in the United States District Courts for the Middle and Southern Districts of Georgia, and at least 11 of those complaints or resulting appeals have been dismissed as frivolous.[1]

Plaintiff's allegations that defendant Davis' failure to provide plaintiff with his pills will result in plaintiff having seizures is speculative. **Skillern v. Paul**, 202 F. App'x 343, 344 (11th Cir. Oct. 4, 2006)(explaining that "vague statements do not satisfy the dictates of § 1915(g)"). Moreover, this lawsuit is the ninth complaint filed in this Court in 2011 alone in which plaintiff raises this same type of claim. Once again, plaintiff has failed to allege "imminent danger of serious physical injury."

Additionally, venue in this district is improper. The venue provision of 28 U.S.C. § 1391(b) provides in relevant part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ....

28 U.S.C. § 1391(b).

The defendant appears to be located, and all of the events alleged in the complaint occurred, in Tattnall County, which is located in the Southern District of

---

[1] **Gillilan v. Pollark,** 1:07-CV-50 (WLS) (M.D. Ga. Apr. 4, 2007); **Gillilan v. Galloway**, 1:06-CV-71 (WLS) (M.D. Ga. Mar. 5, 2007); **Gillilan v. Scarborough**, 1:05-CV-172 (WLS) (M.D. Ga. Feb. 2, 2007); **Gillilan v. Harrison**, 1:06-CV-176 (WLS) (M.D. Ga. Jan. 31, 2007); **Gillilan v. Bell,** 1:07-CV-3 (WLS) (M.D. Ga. Jan. 11, 2007); **Gillilan v. Thomas**, 1:06-CV-122 (DHB) (S.D. Ga. Jan. 10, 2007); **Gillilan v. Johnson**, 1:06-CV-177 (WLS) (M.D. Ga. Jan. 8, 2007)(appeal also dismissed as frivolous on Apr. 25, 2007); **Gillilan v. Cannon**, 1:06-CV-114 (WLS) (M.D. Ga. Aug. 8, 2006); **Gillian v. Hilton**, 1:05-CV-133 (WLS) (M.D. Ga. Aug. 18, 2006) (appeal also dismissed as frivolous on May 8, 2007).

Georgia. 28 U.S.C. § 90(c)(6). Accordingly, the proper venue for plaintiff's claim is the Southern District of Georgia, not this district.

Title 28 U.S.C. § 1406(a) provides that a district court may transfer a case to another court where it might have been properly filed. However, the court should transfer the case only if doing so is in the interest of justice. A transfer of this case would not be in the interests of justice because plaintiff has more than three strikes and has failed to allege sufficient facts to indicate that he is in "imminent danger of serious physical injury."

In light of the foregoing, the instant action is hereby **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this 31st day of May, 2011.

<pre>
                                        S/ Marc T. Treadwell
                                        MARC T. TREADWELL, JUDGE
                                        UNITED STATES DISTRICT COURT
</pre>

cr